**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2355-23

KHONGSANA
SOUMPHONPHAKDY,

    Plaintiff-Appellant,

v.

ENGLEWOOD HOSPITAL
AND MEDICAL CENTER,
and WARREN GELLER, CEO,

    Defendants-Respondents.

_____

          Submitted September 23, 2025 – Decided October 28, 2025

          Before Judges Gooden Brown and DeAlmeida.

          On appeal from the Superior Court of New Jersey, Law
          Division, Bergen County, Docket No. L-5516-22.

          Khongsana Soumphonphakdy, appellant pro se.

          Clare & Scott, LLC, attorneys for respondents (Patrick
          J. Clare, of counsel and on the brief).

PER CURIAM

Plaintiff Khongsana Soumphonphakdy appeals from the February 23, 2024 order of the Law Division denying his motion for leave to file an amended complaint, granting summary judgment to defendants Englewood Hospital and Medical Center (EHMC) and its Chief Executive Officer, Warren Geller, and dismissing the complaint with prejudice. We affirm.

I.

On March 5, 2017, plaintiff went to the emergency department at EHMC, complaining of back pain from injuries he sustained in a motor vehicle accident a few weeks earlier. Medical personnel treating plaintiff ordered radiographic films, commonly known as CT scans, of his back.

A radiologist who was not employed by EHMC interpreted the CT scans of plaintiff's back as not indicative of a fractured spine. Their interpretation was recorded in plaintiff's EHMC medical records. Plaintiff disagreed with the interpretation and sought to have his medical records changed to indicate the CT scans evidenced a spinal fracture with displacement of portions of the spine.

On April 13, 2017, an EHMC privacy officer informed plaintiff in writing his request to amend his medical records had been denied because EMHC had "determined that the information documented in [his] medical record at the time of service [was] an accurate and complete record of [his] visit." According to

A-2355-23

EMHC, three radiologists reviewed the CT scans and determined they were not indicative of a fractured spine. The privacy officer informed plaintiff of his right to file a written disagreement with the decision which would also be included in his EHMC medical records.

On October 11, 2022, plaintiff filed a complaint in the Law Division against defendants. He alleged the CT scans of his back showed a spinal fracture and displacement of elements of his spine, but "the doctors 'lied'" and "say no fracture (sic)." As causes of action, plaintiff alleged "frauds," "misdiagnosis," and "important symptoms have been ignored." According to the complaint, plaintiff sought "$ _____ (sic) for frauds or plaintiff relief if [EHMC] would just amend the correct reading of the C.T. scans and the law sued (sic) case will be drop (sic)." However, in his case information statement (CIS), plaintiff alleged he was seeking punitive damages and "this case is not a medical malpractice case."

On October 20, 2022, defendants filed an answer demanding plaintiff, to the extent he was alleging claims of medical malpractice, file an affidavit of merit (AOM), as required by the AOM statute, N.J.S.A. 2A:53A-26 to -29.

Plaintiff failed to submit an AOM from an expert within the time permitted by statute.[1] Defendants thereafter moved to dismiss all medical malpractice claims in the complaint for failure to file an AOM. Plaintiff did not oppose the motion.

On March 20, 2023, the motion court entered an order granting defendants' motion and dismissing with prejudice "all claims sounding in medical malpractice" against defendants.

On January 12, 2024, after completing discovery, defendants moved for summary judgment in their favor on plaintiff's civil fraud claims. In support of their motion, defendants argued neither EHMS nor Geller interpreted the CT scans of plaintiff's back and the radiologist who interpreted the scans was not employed by either defendant and did not act as their agent or servant. They also argued neither defendant committed a fraud upon nor lied to plaintiff in connection with the interpretation of the CT scans of his back.

On January 29, 2024, plaintiff opposed defendants' motion by filing a cross-motion to amend the complaint to name as additional defendants GEICO Insurance Company (GEICO), Princeton Insurance Company (PIC), MedPro,

---

[1] It appears plaintiff, who is not a licensed medical professional, filed an AOM under his signature attesting to the validity of his medical malpractice claim.

Englewood Hospital & Radiology Group (EHRG), Berkshire Hathaway (Berkshire), and Warren Buffett. Plaintiff alleged he "found . . . more defendants to add" during discovery. He sought to add claims seeking compensatory damages from GEICO, "exemplary damages from [EHRG] and CEO, doctors, to set an example to deter others from committing similar acts – fraud," and punitive damages from PIC, MedPro, Berkshire, and Buffett.

Defendants opposed plaintiff's cross-motion. In addition to noting plaintiff made no substantive arguments in opposition to their motion for summary judgment, defendants argued plaintiff could not invoke Rule 4:26-4, the fictitious party rule, because he did not include fictitious defendants in his complaint and did not exercise due diligence since filing the complaint to identify the fictitious parties. In addition, defendants argued plaintiff alleged no facts or cause of action against the proposed additional defendants and, to the extent he sought to allege civil fraud against the proposed defendants, the six-year statute of limitations on such claims had expired. See N.J.S.A. 2A:14-1.

On February 23, 2024, the court entered an order denying plaintiff's cross-motion to amend the complaint, granting defendants' motion for summary judgment, and dismissing the complaint with prejudice. In a written decision, the court found no basis on which to permit plaintiff to file an amended

complaint. The court noted that after four hundred and fifty days of discovery, a period previously extended, the matter was scheduled for trial.

In addition, the court found plaintiff sought to add defendants to the complaint six years and ten months after he was treated in the EHMC emergency department, beyond the six-year limitations period. The court also found plaintiff did not establish he only recently became aware of the proposed new defendants, did not name fictitious defendants in the complaint, and made no showing of due diligence in identifying the defendants. See Claypotch v. Heller, Inc., 360 N.J. Super. 472, 482 (App. Div. 2003) (explaining obligation to exercise due diligence in identifying fictitious parties pursuant to Rule 4:26-4).

The court concluded amendment of the complaint would unfairly prejudice the parties and lead to an undue delay in resolving plaintiff's claims. In addition, the court found amendment of the complaint would be futile because plaintiff's civil fraud claims against the proposed defendants would be time-barred.

With respect to defendants' summary judgment motion, the court found plaintiff failed to offer substantive opposition to defendants' arguments and did not produce evidence establishing any of the elements of civil fraud. See

6

<u>Gennari v. Weichert Co. Realtors</u>, 148 N.J. 582, 610 (1997) (describing the five elements of common-law fraud). The court concluded:

> Here, the court finds in viewing the evidence in the light most favorable to [p]laintiff, [p]laintiff has failed to present sufficient evidence raising a genuine issue of fact as to whether the [d]efendants committed civil fraud. The court finds there is no evidence that a material misrepresentation was made of a presently existing or past fact, much less any representation made by either [EHMC] or . . . Geller. The court also finds that even if [p]laintiff could, somehow, attribute a material misrepresentation of a presently existing or past fact, there is no evidence that either [EHMC] or . . . Geller knew the falsity of any statement nor that they intended that [p]laintiff rely upon such statement(s). Here, [p]laintiff is asking the court to conclude [d]efendants committed civil fraud only based on his opinion and without any evidence whatsoever having been presented or developed which could possibly support such assertion.

As a result, the court concluded defendants were entitled to summary judgment in their favor.

Plaintiff subsequently moved for a stay of the February 23, 2024 order and for leave from the trial court to file an appeal from that order. Defendants opposed the motions.

On April 3, 2024, the motion court entered an order denying plaintiff's motion for leave to file an appeal from the February 23, 2024 order "as there is no basis for this court to enter such an order."

7

On April 24, 2024, the motion court entered an order denying plaintiff's motion for a stay of the February 23, 2024 order.  The court found "no basis" on which to grant a stay.  This appeal followed.

Plaintiff raises the following arguments.

> POINT (1)
>
> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANTS BECAUSE APPELLANT GOT A CERTIFICATE [(SIC)] OF PERMANANCY [(SIC)] TO SPINE FRACTURE, HAVE X-RAYS AND CT-SCANS SHOW FRACTURE, SHOW EVIDANCE [(SIC)] FOR STANDIND [(SIC)] FOR CIVIL FRAUD CASE TO PROCEED, THAT THE DEFENDANTS MADE FALSE MEDICAL REPORTS SAID NO FRACTURE. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT FOR DEFENDANTS, BECAUSE DEFENDANTS COMMITS [(SIC)] INSURANCE FRAUD, FALSE REPRESENTATION FRAUD AND CORPORATE FRAUD. UNDER NJ CONSTITUTION RULES THE RIGHT TO A JURY TRIAL.
>
> POINT (2)
>
> [THE MOTION JUDGE] DID NOT APPLY AMENDED AND SUPPLEMENTAL PLEADING RULES 4:9 AND 4:9-4 FOR APPELLANT['S] . . . MOTION FOR LEAVE TO [(SIC)] AND TO AMEND THE COMPLAINT, WHEN ORAL ARGUMENT HEARING ON 2/15/2024.

A-2355-23

POINT (3)

[THE MOTION JUDGE] DID NOT APPLY RULES 6:3-1.15 (SIC) MOTION TO STAY FILED BY APPELLANT FOR TOLLING AFTER THE SUMMARY JUDGMENT WAS GRANTED.

II.

"Rule 4:9-1 requires that motions for leave to amend be granted liberally." Kernan v. One Wash. Park Urban Renewal Assocs., 154 N.J. 437, 456 (1998). "That exercise of discretion requires a two-step process: whether the non-moving party will be prejudiced, and whether granting the amendment would nonetheless be futile." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 2.2.1 on R. 4:9-1 (2026). Courts are thus "free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law . . . [because] a subsequent motion to dismiss must be granted." Notte, 185 N.J. at 501 (quoting Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256-57 (App. Div. 1997)). We review the denial of a motion for leave to file an amended complaint for abuse of discretion. Franklin Med. Assocs. v. Newark Pub. Schs., 362 N.J. Super. 494, 506 (App. Div. 2003).

The motion court denied plaintiff's motion for leave to file an amended complaint for several reasons. First, the court relied on the late timing of

A-2355-23

plaintiff's motion. Plaintiff did not seek leave to file an amended complaint until after the completion of more than a year of discovery and after a trial date had been set. Thus, the court concluded defendants would be unfairly prejudiced by the filing of the amended complaint. Second, the court found plaintiff did not name fictitious defendants in the complaint, did not establish the proposed defendants were unknown to him when the complaint was filed, and did not demonstrate he exercised due diligence in identifying the proposed defendants. Third, the court found plaintiff's claims of civil fraud against the proposed defendants were time-barred, as more than six years had passed since his visit to the EHMC emergency department and the interpretation of his CT scans. Thus, the court concluded permitting plaintiff to file the amended complaint would be futile.

We have reviewed the record and find no basis on which to conclude the motion court mistakenly exercised its discretion. Plaintiff raises no convincing argument to the contrary.

We review a grant of summary judgment de novo, applying the same standard as the motion court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,

10

show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the motion court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Self-serving assertions that are unsupported by evidence are insufficient to create a genuine issue of material fact. Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015). "Competent opposition requires 'competent evidential material' beyond mere 'speculation' and 'fanciful arguments.'" Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 426 (App. Div. 2009) (quoting Merchs. Express Money Order Co. v. Sun Nat'l Bank, 374 N.J. Super. 556, 563 (App. Div. 2005)). We review the record "based on our consideration of the evidence in the light most favorable to the

parties opposing summary judgment." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

To establish a prima facie case of civil fraud, a plaintiff must show: (1) a material misrepresentation of a presently existing or past fact; (2) the defendant had knowledge or belief it was false; (3) the defendant intended for the plaintiff to rely on it; (4) the plaintiff reasonably relied on the misrepresentation; and (5) the plaintiff suffered damages. Allstate N.J. Ins. Co. v. Lajara, 222 N.J. 129, 147 (2015). Fraud requires the plaintiff to prove proximate causation by establishing that "defendant's conduct was a cause of damages." Varacallo v. Mass. Mut. Life Ins. Co., 332 N.J. Super. 31, 48 (App. Div. 2000). "Fraud is not presumed; it must be proven through clear and convincing evidence." Stochastic Decisions, Inc. v. DiDomenico, 236 N.J. Super. 388, 395 (App. Div. 1989) (citing Albright v. Burns, 206 N.J. Super. 625, 636 (App. Div. 1986)).

Plaintiff offered no substantive argument in opposition to defendants' summary judgment motion. Our review of the record revealed no evidence supporting plaintiff's claim defendants engaged in a fraud with respect to his EHMC medical records. Neither EHMC, Geller, nor anyone employed by them or acting on their behalf interpreted plaintiff's CT scans. Nor did plaintiff produce any evidence the radiologist who interpreted the CT scans of his back

did anything other than provide a good faith opinion of the medical condition evidenced by the scans. The motion court's grant of summary judgment is well supported by the record.

To the extent we have not specifically addressed any of plaintiff's remaining contentions, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).[2]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

---

[2] Plaintiff's brief challenges the April 24, 2024 order denying his motion to stay the February 23, 2024 order. The April 24, 2024 order was entered after plaintiff filed his notice of appeal and was not, therefore, listed in that document. Plaintiff did not thereafter file an amended notice of appeal challenging the April 24, 2024 order. On May 13, 2024, we denied plaintiff's motion for a stay of the February 23, 2024 order. In light of our decision affirming the February 23, 2024 order, plaintiff's arguments with respect to the denial of a stay are moot.

A-2355-23